**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

RENO WORTHINGTON,

     *Petitioner*,

*v*.

UNITED STATES OF AMERICA,

     *Respondent*.

_____/

CRIMINAL CASE NO. 08-CR-20409
CIVIL CASE NO. 12-CV-13371

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>
<u>**ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO**</u>
<u>**VACATE, SET ASIDE, OR CORRECT SENTENCE**</u>
(Doc. 49)

## I.  <u>RECOMMENDATION</u>

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.  <u>REPORT</u>

### A.  **Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas Ludington, is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner Reno Worthington's federal custodial sentence, which was imposed on April 28, 2009. Pursuant to E.D. Mich. LR 7.1(e)(2), I conclude that this motion is ready for report and recommendation without oral argument.

### B.   Background

Petitioner Reno Worthington pleaded guilty to distribution of crack cocaine in violation of 21 U.S.C.§ 841(a)(1). On April 22, 2009, the district court sentenced him to 275 months in prison. He appealed the sentence as procedurally unreasonable, arguing that the court did not describe in enough detail its reasoning for the sentence. He also raised an ineffectiveness of counsel claim on appeal, but withdrew it at oral argument. The Sixth Circuit affirmed Worthington's sentence. *See United States v. Worthington,* 421 Fed. Appx. 608 (6th Cir. 2011).

Worthington's § 2255 motion raises one ground for vacating his 275-month sentence: he claims that the sentence was enhanced based on a state court conviction from 1991 that may soon be overturned and that a hearing has been scheduled in state court on the issue. (Doc. 49 at 4.) In support, Worthington has provided a copy of an order signed on June 6, 2012, by Saginaw County, Michigan, Circuit Judge Janet Boes, ordering Worthington to file supplemental documents and briefing to support his pending motion for relief from judgment no later than August 1, 2012, or suffer denial of his motion. (Doc. 51 at Ex. A.) The order was filed in Saginaw County criminal case number 91-4626-FH-3; there is nothing in the order to indicate that a hearing was scheduled. (*Id*.) Worthington asks this Court to hold his § 2255 motion in abeyance pending the determination of the state court motion for relief from judgment. (Doc. 51 at 1.)

### C.   Governing Law

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally

2

outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

A court is required to notify the United States attorney, grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

### D.   Analysis and Conclusions

As set forth above, Worthington's motion hinges on his success in state court in having his 1991 conviction overturned. According to the Saginaw County Circuit Court docket for that case, however, Worthington's motion for relief from judgment was denied on July 12, 2012. (*See People v. Worthington*, case no. 91-00426, Op. & Order Denying Def.'s Motion for Relief from Judgment, http://www.saginawcounty.com/scripts/criminal_events.pl?caseyear=91&casenum=004626.) As such, I suggest that the motion be denied without requiring a response from the United States attorney because Worthington cannot demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea," *Humphress*, 398 F.3d at 858, or a "fundamental defect which inherently result[ed] in a complete miscarriage of justice [or a] violation of due process." *Watson*, 165 F.3d at 488.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

s/ Charles E Binder
CHARLES E. BINDER
Dated: August 9, 2012                                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Reno Worthington, #16644-039, FCI McKean, P.O. Box 8000, Bradford, PA, 16701; and served by other electronic means on Craig Wininger, Supervising Assistant U.S. Attorney.

Date:  August 9, 2012                    By    s/Jean L. Broucek
                                                              Case Manager to Magistrate Judge Binder