UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RENO WORTHINGTON,

        Petitioner,                              Case No. 08-20409
                                                    Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER DENYING MOTION TO VACATE SENTENCE**

Reno Worthington's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 has garnered significant attention since it was filed in July 2012. The motion relates to the custodial term of 275 months' imprisonment Worthington received after he pled guilty to distribution of 5 grams or more of cocaine base.

In his motion to vacate, Worthington asserts that he is "serving enhanced time on a state prior conviction that was obtained illegally." Pet'r's Mot. 5, ECF No. 49. Worthington emphasizes that his federal sentence was enhanced by a previous, state-court conviction from 1991. He maintains, however, that the 1991 conviction was obtained in violation of his rights because "the judge did not inform [him] on certain constitutional rights in acceptance of [his] guilty plea." *Id*.

Worthington's motion was referred to United States Magistrate Judge Charles E. Binder. On August 9, 2012, Judge Binder issued a report recommending that Worthington's motion be denied,

> without a response from the United States attorney because Worthington cannot demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea," or a "fundamental defect which inherently result[ed] in a complete miscarriage of justice [or a] violation of due process."

Report & Recommendation 3, ECF No. 53 (citations omitted). This Court disagreed, at least in part, and ordered a response from the government because it was "important to know how the government will respond to Worthington's stated intention to attack his career offender status (which [his Plea] Agreement prohibited)." June 11, 2013 Order 5, ECF No. 55.

On July 10, 2013, the government responded, as directed, to Worthington's motion. It argued that Worthington "is improperly using a § 2255 to collaterally attack his state court conviction which he already pursued unsuccessfully, which is expressly prohibited." Resp't Resp. 5, ECF No. 57 (citation omitted). The government alleged that Worthington's "prior state conviction remains valid, and his Sixth Amendment rights were not violated when sentenced properly in federal court as a career offender." *Id*. at 6. The government also indicated that "if the Court grants [Worthington's] motion," it plans to "reinstate charges and proceed to trial[.]" *Id*. at 7, 8.

Worthington was directed to reply and indicate whether he still wished to pursue his habeas petition in light of the potential consequences. On August 9, 2013, Worthington filed his reply brief. He maintains that he wishes to proceed with his motion no matter the possible outcome. So the Court will address Worthington's motion on the merits.

**I**

Worthington claims that his 1991 state-court conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel. Pet'r's Mot. 5. But because Worthington raised this claim on direct appeal, he is foreclosed from doing so now. His motion will be denied.

*Daniels v. United States*, 532 U.S. 374 (2001) is dispositive of Worthington's claims. There, the Supreme Court determined whether a federal prisoner (like Worthington) could

challenge a previous state-court conviction—used to enhance his federal sentence—through a motion under 28 U.S.C. § 2255. *Id*. at 376. The Court concluded that, "as a general rule, he may not." *Id*.

Specifically, the Court determined that "a prior conviction that has not been set aside on direct or collateral review . . . is presumptively valid and may be used to enhance the federal sentence." *Id*. at 382 (citation omitted). The Court established "only one exception: If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceeding." *Id*. (citation omitted). The Court went on to further explain:

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Id*.

Worthington finds himself in the very situation contemplated in *Daniels*—he alleges that his underlying state conviction was obtained in violation of the right to counsel. But he unsuccessfully pursued that claim on direct appeal in the Saginaw County Circuit Court in 2011, and so he may not do so again here.

Indeed, on November 9, 2011, Worthington filed a motion for relief from judgment concerning his 1991 conviction.[1] On July 12, 2012, the court entered an opinion and order denying that motion.[2] And although he filed a document entitled "Notice of Appeal" with the

---

[1] *See People v. Worthington*, No. 91-00426, http://www.saginawcounty.com/scripts/criminal_events.pl?caseyear=91&casenum=004626.

[2] *Id*.

Circuit Court Clerk, apparently Worthington did not file the necessary documents with the Michigan Court of Appeals to proceed with an appeal. *See* Resp't Resp. Ex. 1.

At this point, over one year has elapsed since the Saginaw County Circuit Court denied Worthington's motion for relief from his 1991 conviction. And Michigan Court Rules only allow 21 days to file an application for leave to appeal a court order, *see* Mich. Ct. R. 7.205(A), and only 42 days to initiate such an appeal by right in a criminal case, *see* Mich. Ct. R. 7.204(A)(2). Thus, Worthington unsuccessfully attacked his 1991 conviction in the Saginaw County Circuit Court, and then did not pursue a direct appeal while one was available. So "[t]he presumption of validity that attached to [Worthington's] prior conviction . . . is conclusive, and [he] may not collaterally attack his prior conviction through a motion under § 2255." *Daniels*, 532 U.S. at 382. His motion must be denied.

## II

Before Worthington may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its

examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336–37.

Worthington has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court will also deny Worthington permission to proceed on appeal *in forma pauperis*. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

### III

Accordingly, it is **ORDERED** that Worthington's motion to vacate his sentence, ECF No. 49, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal.

Dated: September 5, 2013  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and on Reno Worthington # 16644-039, FCI McKean, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on September 5, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS